25 F.3d 1049
 146 L.R.R.M. (BNA) 2704
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ELECTRICAL CONSTRUCTION SERVICES, INC., Respondent.
 No. 94-5267.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1994.
 
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Electrical Construction Services, Inc., Kentwood, Michigan, its officers, agents, successors, and assigns, enforcing its order dated October 18, 1993, in Case No. 7-CA-34708, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Electrical Construction Services, Inc., Kentwood, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to provide paychecks owed to employees and to make contributions for working dues and to the various fringe benefit funds on behalf of employees in the unit described below, as required by its Agreement with Local 58, International Brotherhood of Electrical Workers, AFL-CIO, CLC (hereinafter called the Union):
 
 
 4
 All full-time and regular part-time apprentice wiremen, journeymen wiremen, and working foremen employed by the Respondent at or out of its Kentwood and Grand Rapids facilities and at its Port Huron jobsite, but excluding all office clerical employees, guards and supervisors as defined in the Act.
 
 
 5
 (b) Failing and refusing to provide information which is necessary and relevant to the Union in the performance of its functions as the limited exclusive representative of the unit employees.
 
 
 6
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act (hereinafter called the Act).
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Provide the paychecks owed to unit employees and make contributions for working dues and to the various fringe benefit funds on behalf of unit employees as required by the Agreement, and make the unit employees whole for its failure to do so, as set forth in the remedy section of the Board's decision.
 
 
 9
 (b) Provide the Union with the information it requested on June 10, 1993.
 
 
 10
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 11
 (d) Post at its facilities in Kentwood and Grand Rapids, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced or covered by any other material.
 
 
 12
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 
 13
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 14
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 WE WILL NOT fail and refuse to provide paychecks owed to employees and to make contributions for working dues and to various fringe benefit funds on behalf of employees in the unit described below, as required by our collective-bargaining agreement with Local 58, International Brotherhood of Electrical Workers, AFL-CIO, CLC:
 
 
 17
 All full-time and regular part-time apprentice wiremen, journeymen wiremen, and working foremen employed by the us at or out of our Kentwood and Grand Rapids facilities and at our Port Huron jobsite, but excluding all office clerical employees, guards and supervisors as defined in the Act.
 
 
 18
 WE WILL NOT fail and refuse to provide necessary and relevant information requested by the Union.
 
 
 19
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 20
 WE WILL provide the paychecks owed to unit employees and make contributions for working dues and to the various fringe benefit funds on behalf of unit employees as required by the Agreement, and WE WILL make the unit employees whole for our failure to do so.
 
 
 21
 WE Will PROVIDE THE UNION WITH THE INFORMATION IT REQUESTED ON JUNE 10, 1993.
 
 
 22
 ELECTRICAL CONSTRUCTION SERVICES, INC.